[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14185
Non-Argument Calendar

_____

D.C. Docket No. 03-00449-CV-A-N

EDWARD L. MENEFEE, JR.,

Plaintiff-Appellant,

versus

MONTGOMERY COUNTY BOARD OF EDUCATION,
TINA MINOTT, in her individual and official capacity as
Principal of Southlawn Middle School,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 21, 2005)

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

The district court gave Montgomery County Board of Education (the

"Board") and Tina Minott ("Minott") summary judgment on Edward L. Menefee,

Jr's ("Menefee") Title VII claims of "Sexual Harassment Hostile Working Environment," Count I, and "Retaliation," Count II, and dismissed without prejudice appellant's pendent state law claims. Menefee now appeals. We affirm.

We begin our review by addressing Menefee's Count I claim. "A charge [under Title VII] shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). "A claim is time barred if it is not filed within [this] time limit[]." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109, 122 S. Ct. 2061, 2070 (2002). In determining whether a hostile work environment claim has been timely filed, "[i]t does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claims occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Id. at 117, 122 S. Ct. at 2074. "A court's task is to determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice, and if so, whether any act falls within the statutory time period." Id. at 120, 122 S.Ct. at 2076. For an act to be considered part of an actionable hostile work environment claim, it must be of "a sexual or gender-related nature." See Gupta v. Florida Bd. of Regents, 212 F.3d

2

571, 583 (11th Cir. 2000) (holding that, before acts are considered in determining whether the severe or pervasive requirement is met, "statements and conduct must be of a sexual or gender-related nature").

The district court found that the complained-of acts that occurred in April 2002, and the complained-of acts that occurred prior to April 2002, were not part of the same actionable hostile work environment practice. See Morgan, 536 U.S. at 120, 122 S.Ct. at 2076. Menefee disagrees, of course. The April 2002 complained-of acts consist of (1) Minott hiding in Menefee's classroom and throwing her forearm into Menefee as she passed him, (2) Minott standing in the doorway to Menefee's classroom and preventing Menefee from entering, and (3) Minott stopping Menefee and telling him that the school was hers and laughing. Menefee simply lists these acts with the pre-April 2002 complained-of acts and asserts that all are part of the same actionable hostile work environment practice. His problem is that he has not supported this assertion with material evidence.

For example, he failed to show that the acts that occurred in April 2002 could be considered to have a sexual or gender-related nature. See Gupta, 212 F.3d at 583. On their face, they do not appear to be sexual in nature, and he provided no evidence, other than conclusory allegations, to support the proposition that the April 2002 conduct was based on his gender. Because

3

Menefee failed to present evidence that would yield a reasonable inference that the April 2002 complained-of acts and the pre-April 2002 complained-of acts are part of the same actionable hostile work environment practice, the date of the last act of the hostile work environment practice is March 14, 2002 (the day that Menefee alleged that Minott rubbed his arm "in an inappropriate sexually harassing manner"). Because March 14, 2002 is more than 180 days prior to the date the EEOC charge was filed, his hostile work environment claim is time-barred. See 42 U.S.C. 2000e-5(e)(1); Morgan, 536 U.S. at 109, 122 S.Ct. at 2070. Because the hostile work environment claim is time-barred, we need not address his arguments that he established a prima facie case of hostile work environment harassment. We turn then to Menefee's Count II claim.

Menefee contends that the district court erred in concluding that he failed to establish a prima facie case of retaliation. He appears to claim that the failure of the Board to consider him for the HIPPY program[1] and his involuntary transfer to FEWS Secondary-Alternative School ("FEWS") constitute actionable retaliation. He appears also to claim that his transfer to Houston Hills Jr. High School ("Houston Hills") constituted actionable retaliation.

Title VII prohibits retaliation in the employment arena:

---

[1] HIPPY is an abbreviation for Home Instruction Program for Preschool Youngsters.

4

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). To prevail on a claim of retaliation under Title VII, a plaintiff must establish three elements: (1) that he engaged in an activity protected under Title VII, (2) that he suffered an adverse employment action, and (3) that there was a causal connection between the protected activity and the adverse employment action. Gupta, 212 F.3d at 587.

To establish an adverse employment action, "an employee must show a *serious and material* change in the terms, conditions, or privileges of employment . . . [,]as viewed by a reasonable person in the circumstances." Davis v. Town of Lake Park, Florida, 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis in original). Although proof of direct economic consequences is not required in all cases, the asserted impact "cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment." Id. "[A] transfer to a different position can be 'adverse' if it involves a reduction in pay, prestige or responsibility." Hinson v. Clinch County, Georgia Bd. Of Educ., 231 F.3d 821, 829 (11th Cir. 2000). "[T]he decision to . . . transfer an employee, if rescinded before the employee suffers a

tangible harm, is not an adverse employment action." Pennington v. City of Huntsville, 261 F.3d 1262, 1267 (11th Cir. 2001).

"To establish a causal connection, a plaintiff must show that 'the decision-makers were aware of the protected conduct' and 'that the protected activity and the adverse employment action were not wholly unrelated.'" Gupta, 212 F.3d at 590 (internal citations omitted).

Here, the district court did not err in concluding that Menefee failed to make out a prima facie case of retaliation. Disagreeing, he argues that three actions constituted actionable retaliation: (1) the failure of the Board to promote him to the HIPPY program, (2) his transfer to FEWS, and (3) his transfer to Houston Hills.[2] First, because Menefee failed to show that the decision-makers responsible for promotions to the HIPPY program were aware of his complaints against Minott, he failed to establish, albeit via circumstantial evidence, a causal link between the failure to promote and his complaints. See Gupta, 212 F.3d at 590. Next, he conceded in his deposition that he never reported to FEWS nor was he ever told to report to FEWS. Because the transfer to FEWS was never effected

---

[2]  Menefee alleged in his complaint that Minott retaliated against him by refusing to sign Menefee's sign-out sheet and knocking the paper to the floor and the Board retaliated against him by assigning him to Capitol Heights Jr. High School. In his brief, he does not reasssert these claims. We therefore consider them abandoned. See Lambrix v. Singletary, 72 F.3d 1500, 1506 n.11 (11th Cir. 1996).

(that is, it appears that it was rescinded) and he presented no evidence to show that he suffered any tangible harm from the transfer, he failed to establish that the transfer constituted an adverse employment action. See Pennington, 261 F.3d at 1267. Lastly, he failed to show that he suffered a reduction in pay, prestige, or responsibility in connection with his transfer to Houston Hills; in other words, an adverse employment action did not occur. See Hinson, 231 F.3d at 829. In sum, Menefee failed to establish a prima facie case of retaliation.

AFFIRMED.